IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 15-cr-20174-SHL |
| ) | |
| JOHNNIE WILBORN, ) | |
| TRAVIS HUSTON, ) | |
| DEXTER WHITE, ) | |
| BRITTANY HUSTON, and ) | |
| JANICE WHITE. ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

The United States of America, by Edward L. Stanton III, United States Attorney for the Western District of Tennessee, and through Reagan M. Taylor, Assistant United States Attorney, hereby files this response in opposition to the Defendants' Motion to Dismiss, and respectfully requests that the Motion be denied.

**BACKGROUND**

The Defendants are charged in a two count indictment with the following offenses: (1) Conspiracy to Possess with Intent to Distribute a mixture and substance containing Methamphetamine, in violation of 21 U.S.C. Section 846; and (2) Conspiracy to Commit Offenses against the United States, in violation of 18 U.S.C. Section 1956(h). Defendant Janice White is only indicted in Count Two of the indictment.

1

**ARGUMENT**

In their motion, the Defendants, without supporting citations from the Sixth Circuit, allege that Count Two of the Indictment is fatally flawed for varying reasons. First, the Defendants allege that, on its face, the Indictment is insufficient in that it fails to identify any specific "factual allegations to support a finding that [the Defendants] engaged in financial transactions designed to conceal or disguise, promote the carrying on, or avoid a reporting requirement under Federal law." Defendants' Motion at 5 – 6. Second, the Defendants allege that the Indictment is faulty in that "it fails to properly identify the crime as set forth in 18 U.S.C. Sec. 1956(h)." *Id.* at 6. Next, the Defendants allege, without support, that the Indictment charging *conspiracy* to commit money laundering "does not create a continuing offense and that each individual financial transaction of criminal activity must be charged as a separate count." (emphasis added) *Id.* at 7. Therefore, the Indictment's failure to do so is fatal. Lastly, the Defendants argue that even if this Court were to find that conspiracy to commit money laundering is a continuing offense, "the United States [should] still be required to allege the specific financial transactions that formed the basis of the conspiracy." *Id.* at 12. We address each of the Defendant's arguments in order.

I.   *Count Two of the Indictment contains sufficient factual allegations to notify the Defendants of the charges against to which they are accused.*

Count Two of the Indictment in this matter charges the Defendants as follows:

Beginning at a time unknown to the Grand Jury, but through at least in or about July 2015, in the Western District of Tennessee and elsewhere, the defendants:

Johnnie Wilborn,
a/k/a "T-Baby,"
a/k/a "T-Dot,"

2

Travis Huston,
a/k/a "Ball-out,"
Dexter White,
Brittany Huston, and
Janice White,

did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

(a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit drug trafficking in violation of Title 21 U.S.C. 846, with the intent to promote the carrying on of specified unlawful activity, that is conspiracy to commit drug trafficking, in violation of Title 21 U.S.C. 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(b) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conspiracy to commit drug trafficking in violation of Title 21 U.S.C. 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(c) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is conspiracy to commit drug trafficking, in violation of Title 21 U.S.C. 846, knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii); all in violation of Title 18, United States Code, Section 1956(h).

Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to include "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  The Supreme Court has long held that an indictment is sufficient if it contains both the elements of the offense charged and fairly informs a defendant of the charges in which he faces.  Further, the indictment must enable a defendant to either "plead and acquittal or conviction" barring future prosecutions for the same offense.  *Hamling v. United States*, 418 U.S. 86, 117 (1974).  Contrary to the Defendants' allegation, it is disputed that the indictment fails to allege facts with respect to Count Two.  The Court in *Hamling* proscribed it sufficient "that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."  *Id*. The indictment in the instant matter is just the indictment anticipated by the Court in *Hamling*. The instant indictment tracks the language of 18 U.S.C. § 1956, and enunciates the offenses for which the defendants are charged, describing through each subsection the criminal behavior which underlies the Indictment.

The Defendants appear to argue that the indictment should contain additional information, such as would be contained in a bill of particulars, in order to suffice the requirements of Fed. R. Crim. P. 7(c)(1).  That argument is incorrect.  Neither the Rule nor the Supreme Court requires such allegations in an indictment for conspiracy to commit money laundering.  The Court in *Hamling* did hold that the "language of a statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific

4

offence, coming under the general description, with which [they] are charged." The Defendants construe the Court, without support, to require the government to provide both over acts and manner and means for any charge alleged in an Indictment. In this Indictment, as in others, the United States included such a statement as described by the *Hamling* Court, describing not only the approximate date(s) and location of the offense (Western District of Tennessee), but also the other persons alleged to have participated in the offense with the Defendants.

II.    *The specific elements for conviction under 18 U.S.C. Sec. 1956(h) need not be alleged in the charging document.*

The Defendants accurately state that Count Two of the Indictment charges the Defendants with conspiracy to commit money laundering, which includes one or more financial transactions that they are alleged to have committed in the stated timeframe of the indictment. The Defendants, relying on the Third Circuit case of *United States v. Garcia Abrego*, 141 F.3d 142, 163 (5th Cir. 1998), suggest that the indictment must detail the required proof of the charge, i.e.:

> (1)    [t]he conspiracy, agreement, or understanding to commit money laundering was formed, reached, or entered into by two or more persons,
> (2)    at some time during the existence or life of the onspiracy, agreement or understanding, one of its alleged members knowingly performed one of the overt acts charged in the indictment in order to further or advance the purpose of the agreement; and
> (3)    at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purpose of the agreement, and then deliberately joined the conspiracy, agreement or understanding.

Defendants' Motion at 6 (citing *Garcia Abrego*, at 163).

*Garcia Abrega* does not stand for the proposition that the aforementioned elements must be pleaded in an indictment for conspiracy to commit money laundering.

To the contrary, the cited discussion by the Court in *Garcia Abrega* dealt more to the point of whether a conviction for conspiracy to commit money laundering required proof of an overt act in furtherance of the conspiracy. *Garcia Abrega*, at 163-64. While noting that that Section 1956(h) is virtually identical to the drug conspiracy statue in 21 U.S.C. Section 846, which does not require proof of an overt act, the Court did not decide that issue. *Id.* at 164. Therefore, the instant indictment is sufficient under the standards of both *Hamling* and the Fed. R. Crim. P. 7(c)(1).

III.  *The offense of Conspiracy to Commit Money Laundering is a continuing offense and is properly charged in the Indictment.*

The Defendants argue that 18 U.S.C. § 1956(h) does not create a continuing offense and that each individual financial transaction of criminal activity must have been charged as separate counts in the indictment. Defendants' Motion at 7. Were there a count in the indictment for the substantive act of money laundering, the Defendants *may* have valid argument. However, the Sixth Circuit has not taken the Defendants' proposed position. Rather, the Sixth Circuit posits in *United States v. Robertson*, that there is no authority in this Circuit for that proposition. *Robertson*, 67 Fed. Appx. 257, 268 (6th Cir. 2003). In *Robertson*, a defendant (Rorrer) appealed his conviction and argued that his money laundering conviction "must be vacated because he was convicted for a 'non-offense,'" a similar argument as posed in the instant motion. *Id.* "Namely, [Rorrer's] indictment states that he committed a number of acts in the course of and in furtherance of the conspiracy to launder money, but this was erroneous because '[s]ection 1956 does not make money laundering a continuing offense.'" *Id*. The Court held:

> Rorrer correctly identifies authority for the proposition that the crime of substantive money laundering is not a continuing offense, and that in such

6

> cases the government must allege and prove specific, discrete financial
> transactions.  *See Marshall,* 248 F.3d at 540; *United States v. Kramer*, 73
> F.3d 1067, 1072 (11th Cir. 1996); *United States v. Gray*, 101 F.Supp.2d
> 580, 585 (E.D. Tenn. 2000).  Nevertheless, Rorrer cites no authority for
> the proposition that the crime of *conspiracy* to launder money, under 18
> U.S.C. [Section] 1956(h), is not a continuing offense, nor are we aware of
> any.  *See United States v. Edgecomb*, 910 F.2d 1309, 1312 (6th Cir.
> 1990)(noting that "[c]onspiracy is a continuing crime.")  We conclude that
> this challenge fails.

*Id. See also Brown v. United States*, 2009WL2849776 (E.D. Tenn.)(Defendant's claim that an indictment is flawed because a charge of conspiracy to commit money laundering does not refer to a particular financial transaction, but rather several unspecified transactions, lacks merit.)

The instant matter is distinguishable from the cases cited by the Defendants.  *See* Defendants' Motion at 7-9.  In those cases, the Courts addressed the issue of whether the substantive offense of money laundering was a continuing offense, and those courts (as has the Sixth Circuit) ruled that it was not.  None of those Courts addressed the issue that arises in this case, whether the offense of *conspiracy* to commit money laundering is a continuing offense.  And as mentioned above, the Sixth Circuit has reviewed the issue and ruled accordingly.  *See Robertson*, at 268.

The Defendants also attempt to distinguish the instant matter from the Second Circuit's decision in *United States v. Moloney*, 287 F.3d 236 (2nd Cir. 2002), which held that a single money laundering count can encompass multiple acts provided that each act is part of a unified scheme.  Like the other cases cited by the Defendants, the *Moloney* case charged the defendant with substantive money laundering, and that was the count to which that defendant pled guilty.  Again, the Court made no findings with respect to whether conspiracy to commit money laundering was a continuing offense.

The Fourth Circuit has however addressed this exact issue.  In *United States v. Bolden*, 325 F.3d 471 (4th Cir. 2003), the Court addressed the issue of whether an

7

indictment charging conspiracy to commit money laundering was defective because "(1) it failed to allege any overt acts; (2) it failed to identify the specified unlawful activity that produced the proceeds [the defendants] conspired to launder; and (3) it failed to specify the offense defined in [Section] 1956(a)(1) . . .that the [defendants] conspired to commit." *Bolden*, at 490-91.  The Court ultimately held that the indictment was not faulty.  On the second issue of the indictment's failure to identify specified unlawful activity the court said, "We have observed that '[t]he core of money laundering … is the laundering transaction itself,' and that 'details about the nature of the unlawful activity underlying the character of the proceeds need not be alleged.'"  *Id*. at 491.

IV.     *Overt acts need not be alleged in an indictment charging conspiracy to commit money laundering under 18 U.S.C. Sec. 1956(h).*

The Defendants, citing no authority, argue in their Motion that, even if the conspiracy is a continuing offense, the government should be required to allege specific financial transactions that formed the basis of the conspiracy.  The Defendants allege that there is a "widely accepted proposition that 'course of conduct' money laundering fails to allege a crime."  Defendants' Motion at 12.

There is no requirement that the United States either allege or prove an overt act under a violation of 18 U.S.C. Sec. 1956(h).  *United States v. Musick*, 291 Fed. Appx. 706, 715 (6th. Cir. 2008)(citing *Whitefield v. United States*, 543 U.S. 209, 219 (2005)).  All the government must prove in such cases is that the defendant "Agreed with another person to violate the substantive provision of the money-laundering statute during the period alleged in the indictment."  *Id.*

The Court in *Bolden* held that Section 1956(h) does not require an overt act to be either alleged or proven, saying:

8

> As we observed in *United States v. Godwin* (citation omitted), "a conspiracy under 18 U.S.C. Section 1956(h), as opposed to a conspiracy under 18 U.S.C. Section 371, does not explicitly require proof of an overt act." In addressing a similar challenge to the drug conspiracy statute, the Supreme Court, in *United States v. Shabani* (citation omitted) held that an overt act is not an element of 21 U.S.C. Section 846. As the Court observed, Congress explicitly required the commission of an overt act as an element of the conspiracy defined in 18 U.S.C. Section 371, and the Court concluded that Congress must be presumed to have acted deliberately in failing to include similar language in Section 846. The drug and money laundering conspiracy statutes – Section 846 and Section 1956(h) – are drawn in similar terms and neither requires and overt act. (citations ommited) Thus, because an overt act is not an element of a Section 1956(h) offense, there was no need for the grand jury to make such an allegation in [the indictment].

*Bolden,* at 491.

Further, it appears that the Defendants argue that the government failed to identify a specific provision of 1956(a) that the Defendants are alleged to have violated, and hence, the indictment is unclear. Defendants' Motion at 13. The Defendants provide no statutory or court authority for that position, however the Court in *Bolden* held that an indictment charging conspiracy to commit money laundering was not required to allege the specific type of money laundering that was conspired by the Defendants. *Bolden*, at 492 ("[c]ourts have uniformly upheld multiple-object conspiracies, and they have consistently concluded that a guilty verdict must be sustained if the evidence shows that the conspiracy furthered any one of the objects alleged.").

## CONCLUSION

For the reasons stated above, the United States respectfully requests that this Court find that the indictment sufficiently sets for the offense charged, and that as such, the Defendants' Motion to Dismiss should be DENIED.

Respectfully submitted this the 4th day of January, 2016.

                                            EDWARD L. STANTON, III
                                            United States Attorney

                                            **-S-**
                                            REAGAN M. TAYLOR
                                            Assistant United States Attorney
                                            TN BPR#: 024743
                                            167 N. Main Street, Ste. 800
                                            Memphis, TN 38103
                                            (901) 544-4231

## CERTIFICATE OF SERVICE

I, Reagan M. Taylor, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing has been forwarded to defense counsel for the defendants via the court's electronic case filing system.

Respectfully submitted this 4th day of January, 2016.

                                            s/ Reagan M. Taylor
                                            REAGAN M. TAYLOR
                                            Assistant United States Attorney