IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JOHNNIE WILBORN, JANICE WHITE,<br>TRAVIS HUSTON and BRITNEY<br>HUSTON,<br><br>  Defendants. | No. 15-cr-20174-SHL |

**ORDER DISMISSING COUNT TWO OF INDICTMENT**

  This is a criminal case involving an alleged drug trafficking conspiracy and a conspiracy to commit money laundering. Before the Court is Defendant Janice White's Motion to Dismiss, filed on December 21, 2015. (ECF No. 212.) Defendant's Motion seeks dismissal of Count Two of the Indictment, which alleges a conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Defendants Johnnie Wilborn, Travis Huston and Britney Huston have adopted Ms. White's Motion, also seeking dismissal of Count Two. (ECF Nos. 213–15.) Defendants argue that Count Two of the Indictment is insufficient because it does not plainly state what Defendants are charged with and does not charge Defendants with a crime. The Court agrees. Defendants' Motion to Dismiss is hereby **GRANTED**.

BACKGROUND

  On July 22, 2015, a grand jury in this District returned an indictment charging a number of Defendants in this case with conspiracy to commit drug trafficking and conspiracy to commit money laundering. Count One of the Indictment alleges a conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. Count Two of the Indictment alleges a

conspiracy to launder the proceeds of the conspiracy to distribute methamphetamine in violation of 18 U.S.C. 1856(h).  Defendants Wilborn, Travis Huston and Britney Huston are charged under both counts of the Indictment.  Defendant White is only charged under Count Two.

Count Two of the Indictment states as follows:

> Beginning at a time unknown to the grand jury, but through at least in or about July 2015, in the Western District of Tennessee and elsewhere, the defendants . . .
>
> did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:
>
> (a) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit drug trafficking in violation of Title 21 U.S.C. 846, with the intent to promote the carrying on of specified unlawful activity, that is conspiracy to commit drug trafficking, in violation of Title 21 U.S.C. 846, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and
>
> (b) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit drug trafficking in violation of Title 21 U.S.C. 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and
>
> (c) to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, conspiracy to commit drug trafficking in violation of Title 21 U.S.C. 846, knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States

    Code, Section 1956(a)(1)(B); all in violation of Title 18, United States Code, Section 1956(h).

(ECF No. 3.)

## STANDARD OF REVIEW

The Federal Rules of Criminal Procedure establish that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." Fed. R. Crim. P. 7(c)(1). "The basic Constitutional standard by which to judge the sufficiency of an indictment is mandated by the Sixth Amendment which requires that the indictment inform the defendant of 'the nature and cause of the accusation.'" United States v. Blandford, 33 F.3d 685, 704 (6th Cir. 1994) (quoting United States v. Piccolo, 723 F.2d 1234, 1238 (6th Cir. 1983)).

Generally, determining whether an indictment is sufficient requires the evaluation of two criteria: "first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Blandford, 33 F.3d at 705 (citing United States v. Gray, 790 F.2d 1290, 1296-97 (6th Cir. 1986) (internal quotations omitted)). When it comes to the sufficiency of an indictment, reciting language from the statute "is generally sufficient . . . as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity set forth all the elements necessary to constitute the offense intended to be punished." United States v. Hudson, 491 F.3d 590, 593 (6th Cir. 2007) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

## ANALYSIS

Defendants argue that Count Two does not sufficiently set out the elements of the crime with which they are charged and that, therefore, the Indictment does not charge them with a

3

crime.  They base their argument on the open-ended time period during which the Indictment states that Defendants' alleged crime occurred and the lack of details concerning their alleged money laundering transactions.  They assert that an indictment for the crime of money laundering must allege specific, discrete transactions because money laundering is not a continuing crime.  Defendants take the next logical step and argue that a charge of conspiracy to commit money laundering must then allege specific, discrete transactions as the object of the conspiracy.  Because Count Two fails to do this, Defendants argue, it not only does not provide adequate notice with which to prepare a defense, but also fails to allege a crime.

The Government argues that, unlike the crime of money laundering itself, conspiracy to commit money laundering is a continuing crime and the Government need not allege specific, discrete acts as the objects of the conspiracy.  Because Count Two gives a rough outline of the time the conspiracy occurred, discusses where the alleged laundered proceeds came from (the conspiracy to distribute methamphetamine) and lists which substantive provisions of the law that Defendants conspired to violate (alleging multiple subsections in the conjunctive), the Government argues that it has met its requirement of putting Defendants on notice of the crime with which they are charged.  The Court disagrees with the Government.  Instead, the Court holds that Count Two is irredeemably vague, so much so that it does not appear to charge Defendants with a crime, and could not possibly allow Defendants to prepare an adequate defense.  As such, it is **DISMISSED**.

To judge the sufficiency of Count Two, the Court must first look to what a sufficient indictment for conspiracy to commit money laundering must allege.  An indictment charging a conspiracy to commit money laundering must allege that a defendant "agreed with another person to violate the substantive provisions of the money-laundering statute during the period

4

alleged in the indictment." United States v. Hynes, 467 F.3d 951, 964 (6th Cir. 2006). The crime of conspiracy to commit money laundering may be alleged as a continuing crime. United States v. Robertson, 67 F. App'x 257, 269 (6th Cir. 2003). However, in this Circuit, as in others, the substantive crime of money laundering cannot be alleged as a course of conduct, "in such cases[,] the government must allege and prove specific, discrete financial transactions." Id. (citing United States v. Marshall, 248 F.3d 525, 540 (6th Cir. 2001)); see also United States v. Gray, 101 F. Supp. 2d 580, 585–88 (E.D. Tenn. 2000) (collecting cases holding that money laundering cannot be alleged as a continuing course of activities). Thus, in order to properly allege a conspiracy to commit money laundering, even if the conspiracy itself constitutes a course of conduct, an indictment must allege that a defendant conspired to engage in "specific, discrete financial transactions" that violate the substantive provisions of 18 U.S.C. § 1956(a). See Robertson, 67 F. App'x at 269.

      Here, the Indictment provides an open-ended time period, beginning with a period unknown to the jury and ending in July 2015, during which either an alleged conspiracy by Defendants to launder money took place and/or the discrete money laundering transactions occurred. Defendants are left to guess at what this broad swath of time refers to. In addition, by alleging multiple subsections of 18 U.S.C. 1956(a) as having been violated, all alleged in the conjunctive and simply tracking the language of the statute, the Government further adds to the conclusion that the object of the conspiracy is also a course of conduct, not a specific transaction. While using the language of a statute in an indictment is certainly permissible as a general rule, the indictment must still always allege all elements of the crime and inform the defendant of the crime charged. Because of the language used here, this Indictment appears to allege that both the conspiracy and the object of the conspiracy were continuing crimes. As money laundering itself

5

is not a continuing crime, and a conspiracy to launder money must adequately allege the underlying money laundering crime, Count Two fails to describe a crime with which Defendants can be charged.  As this Court has previously noted,

> [w]hat this lack of clarity and precision in the [indictment] reveals is that, while mere pleading of the statute in an indictment is typically sufficient to put a defendant on notice of the charges against her, in this specific instance more is required because of the conflicting nature of the actions that can constitute violations of § 1956(a) and those that can constitute violations of § 1956(h).  The muddled nature of [the count in the indictment] fails to do that which an indictment is required to do under Federal Rule of Criminal Procedure 7(c)(1), that is, to provide [a defendant] with a "plain, concise, and definite written statement of the essential facts constituting the offense charged."

United States v. Wright, 2:14-cr-20104-SHL (W.D. Tenn., Mar. 12, 2015).  As in Wright, the Government's failure to adequately put Defendants on notice of their alleged crimes dooms its case.

## CONCLUSION

For the forgoing reasons, Count Two of the Indictment is hereby **DISMISSED**.

**IT IS SO ORDERED,** this 21st day of January, 2016.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE